UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE PEREZ and KENNETH DURAN,
for themselves and as Next Friend for
their minor daughter, I.D.,

      Plaintiffs,                            Civil Action No. 19-CV-13510

vs.                                    HON. BERNARD A. FRIEDMAN

FCA USA LLC and JOHN DOES 1-100,

      Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS'**
**MOTION FOR LEAVE TO AMEND THE COMPLAINT**

        This matter is presently before the Court on plaintiffs' motion for leave to amend the complaint [docket entry 35].  Defendant has filed a response in opposition.  Plaintiffs have not replied, and the time for them to do so has expired.  Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.  For the reasons stated below, the Court shall deny the motion.

        This is a product liability action.  Plaintiffs allege that in November 2016

> [t]hen three-year-old I.D. was catastrophically asphyxiated by the power window of her grandmother's dangerous and defective 2005 Chrysler Town and Country minivan.  As a result of the asphyxiation, her brain and brain function were forever harmed, she was rendered quadriplegic, and she requires care and support around the clock.

*   *   *

> Had the 2005 Chrysler Town and Country minivan's power windows been equipped with widely available cost-effective auto-reverse child safety protection feature, like many cars of that vintage as well as many cars older than model year 2005, I.D., like many other children crippled, injured and killed by deadly power

> windows lacking in fail-safe auto reverse protection, would never
> have been harmed.
>
> *   *   *
>
> The 2005 Chrysler Town and Country vehicle's front passenger
> switch has a dangerous and defective window rocker switch easy for
> children to inadvertently activate.  Defendants have known for
> decades that children inadvertently activated such switches.

Compl. ¶¶ 2, 7, 36.  Plaintiffs assert claims for "breach of warranty including design defect and

failure to warn," negligence, and "gross negligence/ actual knowledge."  They seek damages, costs,

and an injunction requiring defendant to warn owners of 2005 Town and Country minivans

"regarding the power window's lack of auto reverse and the windows' related choking hazards to

young children."  Id. ¶ 127.

Plaintiffs seek leave to file an amended complaint, "which adds important facts and

allegations."  Pls.' Mot. at 1.  Plaintiffs state:

> These new paragraphs,12 (and its subparts), 16, 38, 41 and 43,  add
> to the already detailed allegations regarding unreasonable dangers
> caused by dangerous and defective power windows and power
> windows switches which caused and/or significantly contributed to
> I.D. devastating and permanent injuries and disability.
>
> The new paragraphs include FCA's admission that it had manual
> windows available for this vehicle which fully eliminated risks to
> I.D., address the lack of any window lock out switch on the driver's
> side, further described the window switch danger and design and
> discuss FCA/Chrysler's failure to track and take reasonable heed of
> hundreds of child deaths and injuries.
>
> These new facts and admissions were learned from recent depositions
> of experts and of FCA's 30(b)(6) witness James Bielenda, and the
> First Amended Complaint remains otherwise the same Complaint
> asserting the same claims.

Id. at 1-2.  Defendants oppose the motion on grounds of untimeliness, prejudice, and futility.

The proposed amended complaint would add five pages of allegations concerning prior incidents of children being injured by power windows, the benefits of "anti-trap" power window technology, poll results showing consumers' experience with power window injuries and their support for safety technology, the purpose of "lock-out" switches, the benefit of manually cranked windows, unsafe seating design, and safety group advocacy for better power window designs.

Under Fed. R. Civ. P. 15(a)(2), "the court should freely give leave [to amend] when justice so requires."  "[T]he case law in this Circuit manifests liberality in allowing amendments to a complaint."  *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).  Nonetheless, "leave to amend a complaint may be denied where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  *Harris v. Davidson Cty. Sheriff*, No. 19-5041, 2019 WL 7573883, at *3 (6th Cir. Dec. 11, 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the present case, the Court shall deny plaintiffs' motion for three reasons.  First, plaintiffs have unduly delayed in seeking leave to amend their complaint.  Even assuming that they learned the information they seek to include during discovery, fact discovery closed in this matter on September 28, 2020, and expert depositions had to be taken by December 18, 2020.  The instant motion was not filed until March 15, 2021, at least three to six months after plaintiffs learned the allegedly new information.  Plaintiffs offer no explanation for this lengthy delay in filing the instant motion.

3

Second, defendant would be prejudiced because the instant motion was filed shortly after defendant filed a motion for summary judgment.  As the Sixth Circuit has observed, "[o]nce a case has progressed to the summary judgment stage, . . . the liberal pleading standards under . . . [the Federal Rules] are inapplicable." *Tucker v. Union of Needletrades, Indus. & Textile Emps*., 407 F.3d 784, 788 (6th Cir. 2005) (citation and internal quotation marks omitted).  Defendant indicates that it "has already assessed Plaintiffs' claims, marshalled the evidentiary record, and filed  its Motion for Summary Judgment.  The time to amend pleadings with additional factual information has passed."  Def.'s Resp. at 6.  The Court agrees.

Third, the proposed amendment violates Fed. R. Civ. P. 8(a)(2), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  As noted, plaintiffs seek to amend their complaint by adding five pages of factual allegations in support of the claims they have already asserted.  Defendant suggests this makes the proposed amendment futile, but futility means that "the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005).  The proposed amendment in the present case is not futile in this sense, but it is nonetheless improper because it seeks to unnecessarily clutter the record by adding detailed factual allegations in further support of the claims already presented in the original complaint. *See West v. Ann Arbor Hous. Comm'n*, No. 17-CV-10566, 2018 WL 654839, at *1 (E.D. Mich. Feb. 1, 2018) (denying leave to amend because "[j]ustice does not require that plaintiff be permitted to amend his complaint to include a factual narrative or what amounts to a brief regarding the various types of damages a court may award").  Plaintiffs are free to present these or any other facts in response to defendant's summary judgment motion, or at trial, but Rule 8(a)(2) does not contemplate such lengthy factual

narratives being included in the complaint itself.  Accordingly,

IT IS ORDERED that plaintiffs' motion to amend the complaint is denied.


s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  April 26, 2021
Detroit, Michigan