UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE PEREZ and KENNETH DURAN,
for themselves and as Next Friend for
their minor daughter, I.D.,

    Plaintiffs,                                     Civil Action No. 19-CV-13510

vs.                                                HON. BERNARD A. FRIEDMAN

FCA USA LLC and JOHN DOES 1-100,

    Defendants.
_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFFS' MOTION
FOR LEAVE TO SUBMIT EXPERT REBUTTAL REPORTS</u>**

This matter is presently before the Court on plaintiffs' motion for leave to submit expert rebuttal reports [docket entry 36]. Defendant has responded and plaintiffs have replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion.

This is a product liability action. Plaintiffs allege that in November 2016

> [t]hen three-year-old I.D. was catastrophically asphyxiated by the power window of her grandmother's dangerous and defective 2005 Chrysler Town and Country minivan. As a result of the asphyxiation, her brain and brain function were forever harmed, she was rendered quadriplegic, and she requires care and support around the clock.

\*   \*   \*

> Had the 2005 Chrysler Town and Country minivan's power windows been equipped with widely available cost-effective auto-reverse child safety protection feature, like many cars of that vintage as well as many cars older than model year 2005, I.D., like many other children crippled, injured and killed by deadly power windows lacking in fail-safe auto reverse protection, would never have been harmed.

\* \* \*

> The 2005 Chrysler Town and Country vehicle's front passenger switch has a dangerous and defective window rocker switch easy for children to inadvertently activate. Defendants have known for decades that children inadvertently activated such switches.

Compl. ¶¶ 2, 7, 36. Plaintiffs assert claims for "breach of warranty including design defect and failure to warn," negligence, and "gross negligence/ actual knowledge." They seek damages, costs, and an injunction requiring defendant to warn owners of 2005 Town and Country minivans "regarding the power window's lack of auto reverse and the windows' related choking hazards to young children." Id. ¶ 127.

Plaintiffs seek leave to submit expert reports to rebut opinions presented in defendant's expert reports. Specifically, plaintiffs seek leave to submit two rebuttal reports by their expert, Dr. Wobrock, to rebut opinions expressed by defendant's expert, Dr. Rafael, who used a doll to reconstruct the accident involving I.D. Plaintiffs also seek leave to submit a rebuttal report by their expert Dr. Bonfiglio to rebut the life expectancy opinion expressed by defendant's expert, Dr. Fisher. Defendant opposes the motion largely on grounds of timeliness and the lack of any provision in the scheduling order for the submission of expert rebuttal reports.

In its discretion, the Court shall grant plaintiffs' motion and permit the rebuttal reports of their experts, Drs. Wobrock and Bonfiglio, to be submitted. The Court is satisfied that these rebuttal reports are timely under Fed. R. Civ P. 26(b)(2)(D), and that the reports contain opinions that may assist the jury in resolving the factual disputes in this case regarding causation and damages. Defendant may re-depose Drs. Wobrock and Bonfiglio regarding any statements or opinions contained in their rebuttal reports within thirty days of the date of this order. As the Court has said many times previously, "the whole idea of having a trial is to seek the truth. It's not . . . to

ambush and everybody should be prepared." *United States v. Rapanos*, 376 F.3d 629, 645 (6th Cir. 2004) (quoting district court's comments in allowing a supplemental expert report), vacated on other grounds, *Rapanos v. United States*, 547 U.S. 715 (2006).  This goal is advanced by granting plaintiffs' motion and permitting defendant to inquire further into the bases of plaintiffs' experts' opinions.  Accordingly,

IT IS ORDERED that plaintiffs' motion for leave to submit expert rebuttal reports is granted.  Plaintiffs must make Drs. Wobrock and Bonfiglio available to be re-deposed within thirty days of the date of this order.

                                                                          s/Bernard A. Friedman
                                                                          BERNARD A. FRIEDMAN
Dated: April 29, 2021                     SENIOR UNITED STATES DISTRICT JUDGE
        Detroit, Michigan