UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE PEREZ and KENNETH DURAN,
for themselves and as Next Friend for
their minor daughter, I.D.,

    Plaintiffs,                                          Civil Action No. 19-CV-13510

vs.                                                 HON. BERNARD A. FRIEDMAN

FCA USA LLC and JOHN DOES 1-100,

    Defendants.
_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the Court on defendant's motion for summary judgment [docket entry 33]. Plaintiffs have responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

This is a product liability action. Plaintiffs allege that in November 2016

> [t]hen three-year-old I.D. was catastrophically asphyxiated by the power window of her grandmother's dangerous and defective 2005 Chrysler Town and Country minivan. As a result of the asphyxiation, her brain and brain function were forever harmed, she was rendered quadriplegic, and she requires care and support around the clock.

                                          *   *   *

> Had the 2005 Chrysler Town and Country minivan's power windows been equipped with widely available cost-effective auto-reverse child safety protection feature, like many cars of that vintage as well as many cars older than model year 2005, I.D., like many other children crippled, injured and killed by deadly power windows lacking in fail-safe auto reverse protection, would never have been harmed.

\* \* \*

> The 2005 Chrysler Town and Country vehicle's front passenger switch has a dangerous and defective window rocker switch easy for children to inadvertently activate. Defendants have known for decades that children inadvertently activated such switches.

Compl. ¶¶ 2, 7, 36. Plaintiffs assert claims for "breach of warranty including design defect and failure to warn," negligence, and "gross negligence/ actual knowledge." They seek damages, costs, and an injunction requiring defendant to warn owners of 2005 Town and Country minivans "regarding the power window's lack of auto reverse and the windows' related choking hazards to young children." *Id.* ¶ 127.

In the instant motion, defendant argues that plaintiffs cannot prove that the allegedly defective power windows caused I.D.'s injury. Defendant points to the testimony of I.D.'s grandmother, Shirley Montoya, who was in the driver's seat when I.D. was injured, who indicated that she did not see I.D. touch the window switch. Defendant also points to a police photograph of the window showing a smudge mark and a line attributed to drool, suggesting that I.D. was positioned too far from the window switch to have touched it. Further, defendant indicates that "security footage . . . shows Montoya, who in a matter of ~3 seconds, approaches the passenger-side window, reaches into the vehicle (i.e., places I.D. back into the vehicle), opens the door, and then picks I.D. up and walks toward the library," thereby demonstrating that no "entrapment" of I.D.'s neck occurred. Def.'s Summ. J. Br. at 8. Defendant argues that "[a]ll of the evidence shows that [I.D.] self-strangulated on the passenger-side window by hanging from it when it was partially raised." *Id.* at 7. Defendant concludes that "[t]here is no evidence that I.D. inadvertently actuated the passenger-side window switch, no evidence that she came into contact with the window while it was being raised, and there is no evidence of entrapment." *Id.* at 8. That is, "even

2

if the subject vehicle and power window system and switches were defective in the manner that Plaintiffs[] claim they are, . . . there is no evidence that those alleged defects caused I.D.'s injuries." *Id.* at 10. Defendant dismisses the contrary opinions of plaintiffs' causation expert as speculative and unreliable.

In opposing this motion, plaintiffs acknowledge that they have the burden of proving causation. However, plaintiffs cite authority for the proposition that they are "not required to produce evidence that positively eliminates every other potential cause. Rather, the plaintiff's evidence is sufficient if it 'establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support.'" *Skinner v. Square D Co.*, 516 N.W.2d 475, 478 (Mich.1994) (quoting *Mulholland v. DEC Int'l*, 443 N.W.2d 340, 349 (Mich. 1989)). Further, "plaintiffs may utilize circumstantial proof to show the requisite causal link between a defect and an injury in products liability cases." *Skinner* 516 N.W.2d at 480.

Having reviewed the matter, the Court is persuaded that a jury could find in plaintiffs' favor as to causation without engaging in conjecture or speculation. When interviewed by the police, Montoya indicated that I.D. climbed into the front passenger seat and lowered the power window to look out. Montoya raised the window high enough to prevent I.D. from falling out. Shortly thereafter I.D. was unresponsive, and Montoya had to lower the window to remove her from the van. If the jury believes Montoya's statement to the poice that I.D. was able to lower the window, it could reasonably find that I.D. raised the window as well, particularly in light of the expert testimony regarding the dangerousness of the "toggle" style window switch, which I.D. could have activated by stepping on it. *See* Wobrock Report at 6-7. Other expert evidence, if the jury

3

chooses to credit it, establishes that the window closed with sufficient force to cause asphyxiation. *See* Batzer Report at 7. Medical evidence, including an MRI of I.D.'s neck, is also consistent with a pinch injury to this part of her body.

> Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon consideration of a motion for summary judgment, the district court's function is not to weigh the evidence and determine the truth of the matters asserted, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The movant bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The district court must view the evidence in the light most favorable to the non-moving party, who must present sufficient evidence such that a rational jury might find in its favor. *Anderson*, 477 U.S. at 255, 256-57; *see also Rorrer v. City of Stow*, 743 F.3d 1025, 1038 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

*Townsend v. Rockwell Automation, Inc.*, No. 20-3079, 2021 WL 1625243, at *3 (6th Cir. Apr. 27, 2021).

Viewing the evidence in this matter in the light most favorable to plaintiffs, the Court concludes that the issue of causation is sufficiently disputed that it must be resolved by a jury. Plaintiffs have presented direct and circumstantial evidence as to how I.D.'s injury was caused, and a jury could find in their favor without engaging in impermissible conjecture or speculation. Accordingly,

4

IT IS ORDERED that defendant's motion for summary judgment is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: May 26, 2021  SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan